IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISMAEL VALDIVIA, et al., | : Civil No. 1:23-CV-1157 |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| | : |
| OLD DOMINION | : |
| FREIGHT LINE, INC., et al., | : |
| | : |
| Defendants. | : |

_____

| | |
|---|---|
| OLD DOMINION | : Civil No. 1:23-CV-1173 |
| FREIGHT LINE, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| | : |
| IVS EXPRESS, INC., et al., | : |
| | : |
| Defendants. | : |

<u>MEMORANDUM AND ORDER</u>

## I. <u>Introduction</u>

Presently before the court is a motion for reconsideration filed by the plaintiff, Ismael Valdivia.[1]  Valdivia moves under Federal Rule of Civil Procedure 59 for reconsideration of our Memorandum Opinion and

---

[1] Doc. 67.

Order granting the defendants' motion to enforce settlement.[2]   For the following reasons, we will deny the motion.

## II. Background

As we noted in our prior Memorandum Opinion, this case arose from a trucking accident that occurred in July of 2021, when Valdivia's tractor trailer was struck by Defendant Ruddock's tractor trailer on the Pennsylvania Turnpike.[3]   Valdivia brought this action and asserted claims of negligence and vicarious liability against the defendant companies and Ruddock.[4]   Old Dominion filed its own action, asserting that Valdivia was the cause of the accident.[5]   After these matters were consolidated, on October 21, 2025, Old Dominion and Ruddock filed a motion to enforce settlement, which the remaining defendants joined.[6] Valdivia opposed the motion, and we held an evidentiary hearing with the parties on February 10, 2026.

At the hearing, we received evidence and testimony from both

---

[2] *Id.*
[3] Doc. 48 ¶¶ 10-11.
[4] *Id.* ¶¶ 13-17.
[5] *See* Civ. No. 1:23-CV-1173, Doc. 1.
[6] Docs. 48, 53.

Valdivia and his former attorney, Richard Godshall. As set forth in our prior Memorandum Opinion, the testimony and evidence established that Valdivia authorized Godshall to settle the case for an amount that would result in Valdivia receiving between $175,000 and $200,000. [7] While Valdivia disputed that he gave Godshall authority to settle, the evidence of Godshall's contemporaneous emails and case management notes, as well as his testimony that Valdivia authorized him to settle, supported a finding that Godshall received express authority to settle Valdivia's case. [8]

We further concluded that there was no evidence to establish Valdivia revoked this authority. [9] While Valdivia testified that he sent Godshall an email prior to September 5, when the settlement offer was accepted, he presented no evidence of the same. [10] Rather, the testimony and objective evidence established that it was not until September 8, three days after Godshall accepted the settlement offer, that Valdivia

---

[7] Doc. 65 at 12-13.

[8] *Id.*

[9] *Id.* at 13-14.

[10] *Id.*

spoke to Godshall and informed him he did not want to settle.[11]   We concluded that the evidence established that Valdivia gave Godshall authority to settle, and that he did not revoke that authority prior to the settlement being accepted.[12]   Accordingly, we granted the defendants' motion to enforce the settlement.

The plaintiff has now filed a motion to reconsider.[13]   Valdivia's motion essentially rehashes his arguments in opposition to the defendant's motion to enforce settlement.   He asserts that he did not have a written release prior to the settlement being accepted, and that he never agreed to the terms of the global release, which was circulated to him on September 12, 2025.[14]   After consideration, we will deny the motion.

---

[11] *Id.*

[12] *Id.*

[13] Doc. 80.

[14] *Id.*

## III.   Discussion

### A. Motion to Reconsider Under Rule 59(e) – Standard of Review

Federal Rule of Civil Procedure 59(e) permits a court to "alter or amend a judgment [.]"[15]   A motion to alter or amend the judgment under Rule 59(e) is "a 'device to relitigate the original issue' decided by the district court, and used to allege legal error."[16]   Thus, the court may alter a judgment if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [ ]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[17]   While the Third Circuit Court of Appeals has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice'" in this context, it has "suggested that there is substantial, if not complete, overlap between these two concepts" and that to succeed on such a

---

[15] Fed. R. Civ. P. 59(e).

[16] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158–59 (3d Cir. 1988)).

[17] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

showing requires a movant to identify "a 'direct, obvious, [or] observable error' . . . of at least some importance to the larger proceedings."[18]

A 59(e) motion "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." [19]   Similarly, "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."[20]

## B. The Motion to Reconsider will be Denied.

Valdivia's motion does not argue an intervening change in the law or that there is new evidence that was not previously available.   Rather, Valdivia appears to assert that we failed to consider certain pieces of evidence that he contends supports a finding that he did not authorize Godshall to settle. [21]   Valdivia asserts that he attempted to contact

---

[18] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018) (citation modified).

[19] *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

[20] *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006) (*citing McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[21] Doc. 67 at 2-3.

Godshall on September 5, the day Godshall accepted the settlement, and that these attempts establish that he did not authorize the settlement.[22] He further avers that because he did not receive the global release until September 12, he could not possibly have authorized the settlement.[23] Thus, he contends that these facts warrant reconsideration of our Memorandum Opinion and Order granting the motion to enforce settlement.   We disagree.

At the outset, these are not new facts.   Valdivia presented this information to the Court for consideration of the motion to enforce settlement.   Indeed, Valdivia testified that he had a missed call from Godshall on September 5, and that Godshall did not answer his follow up call or text message on that day.[24]   Valdivia also questioned Godshall about the call logs that he asserts support his position on reconsideration.[25]   Both Valdivia and Godshall testified that they did not speak to one another about the settlement until Monday, September 8.   Accordingly, it is undisputed that Godshall did not inform Valdivia

---

[22] *Id.*

[23] *Id.*

[24] Doc. 73 at 29 (Hearing Transcript).

[25] *Id.* at 31.

of the settlement on September 5, and further, that Valdivia did not reject any settlement on September 5. Thus, the mere fact that Valdivia attempted to contact Godshall on September 5 does not support a finding that Valdivia rejected the settlement, as the testimony and evidence establish that Valdivia did not yet know the case had settled.

More fundamentally, the fact that Valdivia rejected the settlement on September 8, when he and Godshall ultimately spoke about the settlement, and again on September 12 when he received the written release, does nothing to negate Valdivia's prior authorization to Godshall on August 28 to settle his case. Rather, as we concluded in our Memorandum Opinion, the objective evidence established that on August 28, Valdivia authorized Godshall to settle his case for an amount that would net him between $175,000 and $200,000. Thus, we considered these facts in our prior decision, and they do not warrant reconsideration.

We reach a similar conclusion with respect to Valdivia's assertion that he did not receive the global release until September 12. Valdivia claims that "[i]t was factually impossible" that he agreed to the

8

settlement without having the terms of the release.[26]  We considered these facts in our decision to grant the motion to enforce settlement.[27]  We credited Godshall's testimony that in his practice, the release is generated after a settlement amount is agreed upon, and we noted for the plaintiff that this practice is consistent with the undersigned's experience with settling federal civil actions.[28]  Importantly, as we explained in our decision, "a Settlement Agreement is still binding, even if it is clear that a party had a change of heart in between the time he agreed to the terms of the settlement and when those terms were reduced to writing."[29]  Accordingly, the fact that the release was generated after counsel orally agreed to the settlement does not negate Valdivia's prior authorization to settle the case.  Nor is it a basis to reconsider our decision to grant the motion to enforce the settlement.

---

[26] Doc. 67 at 2.

[27] Doc. 65 at 8-9.

[28] *Id.* at 9 & n.41.

[29] *McCune v. First Judicial Dist. of PA Probation Dep't*, 99 F. Supp. 2d 565, 566 (E.D. Pa. 2000); *see also Good v. Pa. R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967) ("The tender of a release did not reopen the agreement or make its execution a condition to the settlement itself.") (citation omitted).

In sum, the plaintiff has not provided a valid basis for this court to reconsider its decision to grant the motion to enforce settlement. Accordingly, the motion to reconsider will be denied.

## IV.   Order

Having found that Valdivia failed to identify grounds for reconsideration under Rule 59(e), we will DENY the motion to reconsider. We will further DENY the plaintiff's motion to stay[30] as moot.

So ordered this 30th day of March 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[30] Doc. 68.